UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES ANTHONY MAENZA,

                Plaintiff,

v.

                Case # 17-CV-6235-FPG

                DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## INTRODUCTION

James Anthony Maenza brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On May 15, 2011, Maenza protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 168-69. He alleged disability since January 15, 2011 due to knee, back, and shoulder issues, depression, and panic attacks. Tr. 573. On March 5, 2013, Maenza and a vocational expert ("VE") appeared and testified before Administrative Law Judge

---

[1] References to "Tr." are to the administrative record in this matter.

1

John P. Costello ("the ALJ"). Tr. 41-78. On June 24, 2013, the ALJ issued a decision finding that Maenza was not disabled within the meaning of the Act. Tr. 12-34. On August 23, 2014, the Appeals Council denied Maenza's request for review. Tr. 1-4. Maenza appealed to this Court and, on March 25, 2016, his case was remanded to the Commissioner for further administrative proceedings. *See Maenza v. Colvin*, 14-CV-6596-JWF, ECF Nos. 18, 19.

On December 12, 2016, Maenza and a VE appeared and testified at a second hearing before the ALJ. Tr. 1458-1502. On February 13, 2017, the ALJ issued a decision finding that Maenza was not disabled before May 19, 2015, but that he became disabled on that date when his age category changed and continued to be disabled through the date of the decision. Tr. 1385-1403. This became the Commissioner's final decision because the Appeals Council did not assume jurisdiction of the case. *See* 20 C.F.R. § 404.984(a) (in cases remanded from district court for further proceedings, the ALJ's decision becomes the Commissioner's final decision unless the Appeals Council assumes jurisdiction). Thereafter, Maenza commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I.  District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

(quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Maenza's claim for benefits under the process described above. At step one, the ALJ found that Maenza had not engaged in substantial gainful activity since the alleged onset date. Tr. 1388. At step two, the ALJ found that Maenza has the following severe impairments: degenerative disease of the lumbar spine, left shoulder arthrosis, status-post arthroscopic repair of the knees, substance use disorder, and major depressive, anxiety, and personality disorders. Tr. 1388-89. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 1389-90.

Next, the ALJ determined that Maenza retains the RFC to perform sedentary work[2] with additional limitations. Tr. 1390-1401. Specifically, the ALJ found that Maenza can stand or walk up to four hours and sit up to six hours in an eight-hour workday; must change positions briefly

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

every 20 minutes; can lift and carry up to 10 pounds; can occasionally stoop and balance; cannot climb ladders or scaffolds, crouch, work at heights, or be exposed to temperature extremes or dampness; can work in a moderately noisy environment; can understand, remember, and follow simple instructions; and can interact with coworkers and supervisors occasionally. Tr. 1390. At step four, the ALJ relied on the VE's testimony to determine that this RFC prevents Maenza from performing his past relevant work. Tr. 1401.

The ALJ then noted that Maenza was a "younger individual" before the established disability onset date, but on May 19, 2015, Maenza's age category changed to an "individual closely approaching advanced age." *Id.* At step five, the ALJ relied on the VE's testimony and found that, before Maenza's age category changed, he could adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 1401-02. Specifically, the VE testified that Maenza could work as a table worker and addresser. Tr. 1402. Beginning on May 19, 2015, however, the ALJ found that Medical-Vocational Rule 201.14 directed a finding of "disabled" based on Maenza's RFC, age, education, and work experience. Tr. 1403. Accordingly, the ALJ concluded that Maenza was "not disabled" before May 19, 2015, but that he became disabled on that date and continued to be disabled through the date of the ALJ's decision. *Id.*

## II. Analysis

Maenza argues that remand is required because the ALJ failed to evaluate the opinion of his vocational rehabilitation counselor.[3] ECF No. 11-1 at 32-35; ECF No. 13 at 4-5. The Court agrees.

---

[3] Maenza advances another argument that he believes requires reversal of the Commissioner's decision. ECF No. 11-1 at 26-32; ECF No. 13 at 1-4. The Court will not reach that argument, however, because it disposes of this matter based on the ALJ's failure to evaluate the counselor's opinion.

5

The SSA considers evidence from "acceptable medical sources" and "other sources" when it determines whether a claimant is disabled. Only an "acceptable medical source" can establish the existence of a medically determinable impairment, provide medical opinions, and be considered treating sources whose opinions may be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1513(a) (effective Sept. 3, 2013 to Mar. 26, 2017), 404.1527(a)(2), (c)(2).

Evidence from "other sources," however, including non-medical sources like rehabilitation counselors, may be based on "special knowledge" of the claimant and "provide insight" into the severity of the claimant's impairments and his functional limitations. S.S.R. 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). Non-medical sources who have observed the claimant in his professional capacity are "valuable sources of evidence" and "have personal knowledge and expertise" to judge the claimant's impairments, activities, and level of functioning. *Id.* at *3. "An opinion from a 'non-medical source' who has seen the claimant in his or her professional capacity may, under certain circumstances, properly be determined to outweigh the opinion from a medical source, including a treating source." *Id.* at *6.

The SSA's Rulings "make[] clear that the ALJ must consider all evidence, including evidence from non-medical sources, when he or she is determining whether a claimant is disabled." *Williams v. Colvin*, No. 15-CY-468-FPG, 2016 WL 4257560, at *4 (W.D.N.Y. Aug. 12, 2016) (citations omitted). When an ALJ evaluates such an opinion, he "generally should explain the weight given" to that opinion "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning, when such opinions may have an effect on the outcome of the case." S.S.R. 06-03p, 2006 WL 2329939, at *6.

Here, vocational rehabilitation counselor Carole Jarvie provided two opinions as to Maenza's ability to perform work-related functions. Tr. 1899-1902, 1931. In these assessments, Ms. Jarvie opined that Maenza is limited in bending, climbing, kneeling, pulling, pushing, reaching, standing, and stooping, and that he cannot lift and carry objects over 10 pounds. Tr. 1901, 1931. She also opined that Maenza has non-exertional limitations like difficulty interacting with others, making decisions, using appropriate judgment, and retaining learned information. Tr. 1900-01, 1931. Ms. Jarvie indicated that, as a result of Maenza's limited endurance, he cannot work more than 15 to 20 hours per week and can work only five hours per day. Tr. 1901, 1931. Ms. Jarvie concluded that Maenza is "significantly disabled," because his impairments "seriously limit[] one or two functional capacities and will require multiple rehabilitation services over an extended period of six months or longer." Tr. 1902.

Maenza asserts that the ALJ erred when he ignored Ms. Jarvie's opinions and that this error was particularly harmful because Ms. Jarvie indicated that he was incapable of full-time employment. ECF No. 11-1 at 35. Maenza acknowledges that this assessment was not necessarily entitled to controlling weight, but he argues that the ALJ should have at least explained his evaluation of Ms. Jarvie's opinion and that his silence prevents the Court from determining whether the RFC is supported by substantial evidence. *Id.*

The Commissioner concedes that the ALJ "did not expressly discuss" or "expressly cite" Ms. Jarvie's opinions, but argues that remand is unwarranted because "it is clear that the ALJ reviewed the records from the vocational rehabilitation organization." ECF No. 12-1 at 13-14. Specifically, the Commissioner points out that the ALJ noted that Maenza participated in vocational rehabilitation in 2013, worked 15 to 20 hours a week from November 2013 to April

2015, and was considered a "good worker" who had attendance issues. *Id.* at 13 (citing Tr. 1396-97).

It is not clear whether the ALJ considered Ms. Jarvie's opinions and, if he did consider them, the ALJ certainly did not explain the weight he assigned to them. The ALJ noted that Maenza engaged in part time work and participated in vocational rehabilitation services, but the ALJ did not refer to Ms. Jarvie or her assessed limitations at all. Tr. 1396-97, 1399-40. Although the ALJ cited Exhibit 59F, which contains the opinions at issue, that exhibit contains 118 pages and there is no indication that the ALJ reviewed the five pages wherein Ms. Jarvie assessed Maenza's functional limitations. Tr. 1396. In fact, the ALJ cited Exhibit 59F when he discussed a completely different report from Maenza's employer, which has nothing to do with Ms. Jarvie's assessments. *Id.*

These evaluations, if considered, would affect the outcome of this case because Ms. Jarvie assessed greater limitations than those found in the RFC and opined that Maenza cannot work full-time. The ALJ did not discuss Ms. Jarvie's evaluations or otherwise allow the Court to follow his reasoning. Accordingly, because the ALJ failed to apply the correct legal standard to this "other source" evidence from Ms. Jarvie, remand is warranted. *See Howard*, 203 F. Supp. 3d at 300-01 (remanding where the ALJ ignored an assessment from the plaintiff's vocational rehabilitation counselor); *Williams*, 2016 WL 4257560, at *4-5 (remanding where the ALJ ignored evaluations from the plaintiff's part-time employer).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124

(2d Cir. 2000). Because Plaintiff filed his application over seven years ago and the Court previously remanded this case, the Commissioner is directed to expedite its review of this matter. The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: August 1, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court